UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS JOYNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-1032-MTS |
| | ) | |
| HZ OPS HOLDINGS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Remand, Doc. [14].  Plaintiff originally filed his First Amended Petition in the Circuit Court for the County of St. Louis, Missouri.  Doc [4]. Defendant HZ OPS Holdings, Inc. removed this case by invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  Doc. [1].  Plaintiff moved to remand the case back to state court arguing complete diversity does not exist.  Doc. [14].  For the reasons that follow, the Court grants Plaintiff's Motion and remands the case to state court.

I.   **BACKGROUND**

Plaintiff Demetrius Joyner worked at a "Popeye's Chicken" brand restaurant in St. Louis, Missouri, which was owned and operated by Defendant HZ OPS Holdings, Inc. ("Defendant"). Plaintiff, who suffers from cerebral palsy and a seizure disorder, alleged he suffered severe harassment at work based on his disabilities.  Plaintiff also alleged Defendant Lawrence Drummer ("Drummer"), Plaintiff's co-worker and manager, threatened him with a box cutter or knife on multiple occasions at work.

Based on this conduct, Plaintiff filed a five-count Petition in state court against Defendant and Drummer.  Doc. [4].  Plaintiff filed one claim for assault and battery against Drummer (Count

I).  Plaintiff filed four claims against Defendant for common law negligent hiring/retention (Count III) and for disability discrimination (Count IV), hostile work environment (Count II), and retaliation (Count V), under the Missouri Humans Rights Act ("MHRA").

Defendant removed Plaintiff's action to federal court based on diversity jurisdiction.  Doc. [1].  Both Plaintiff and Drummer are citizens of Missouri.  Defendant is a citizen of Delaware and Texas.  Plaintiff opposes removal and requests that the Court remand this action back to state court. Doc. [14].  Plaintiff contends, and Defendant does not dispute, that the presence of Drummer destroys complete diversity, as required for federal jurisdiction pursuant to 28 U.S.C. § 1332(a). Defendant instead argues that Drummer was fraudulently joined and that his citizenship should be disregarded for purposes of assessing diversity.  *See* Doc. [1] ¶ 13.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  "A defendant may remove a state law claim to federal court only if the action originally could have been filed there."  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010).  A federal court has original jurisdiction under 28 U.S.C. § 1332(a) over civil actions where there is complete diversity—that is, "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Id.*  Where, as here, the basis for original jurisdiction and, hence, removal, is diversity of citizenship, and the face of the complaint fails to exhibit complete diversity as both Plaintiff and Drummer are citizens of Missouri, a defendant may avoid remand by demonstrating the plaintiff fraudulently joined a non-diverse party to avoid removal.  *Id.* at 620.  The party asserting fraudulent joinder bears the burden to demonstrate its existence.[1]  *Hutchen v. Wal-Mart Stores E. I, LP*, 555 F. Supp. 2d 1013, 1017 (E.D. Mo. 2008).

---

[1] To prove a plaintiff fraudulently joined a non-diverse defendant, the party seeking removal must prove the plaintiff's claim has "no reasonable basis in fact and law."  *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014).

"Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003); *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (explaining joinder is fraudulent only "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant" (quoting *Filla*, 336 F.3d at 810)).  But "if there is a 'colorable' cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder." *Filla*, 336 F.3d at 810.  Indeed, when analyzing a fraudulent-joinder claim, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.  As applied here, the Court must determine whether Missouri law might reasonably impose liability on the non-diverse defendant, Drummer, based on the facts alleged in Plaintiff's First Amended Petition.

In making such a determination, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Id.* at 810.  Where there are ambiguous questions of state-law, "the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide." *Id.* at 811.  In general, "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court." *Prempro*, 591 F.3d at 620.

## III.   DISCUSSION

Plaintiff argues the Court must remand the action to state court because complete diversity, as required for federal jurisdiction pursuant to 28 U.S.C. § 1332(a), does not exist on the face of

---

This reasonableness standard requires "the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011); *Junk v. Terminix Intern. Co.*, 628 F.3d at 445 (noting the Rule 12(b)(6) standard is "more demanding" than the *Filla* standard applied in fraudulent joinder context).

the First Amended Petition.  There is no dispute that one of the Defendants—Drummer—is a Missouri citizen, and because Plaintiff is also a citizen of Missouri, there would be no diversity jurisdiction under § 1332(a).  28 U.S.C. § 1332(a).  Defendant, however, argues Drummer's citizenship should be disregarded in assessing the Court's jurisdiction here because Plaintiff fraudulently joined Drummer to defeat diversity jurisdiction.

As the Court previously mentioned, Plaintiff asserts one claim against Drummer for assault and battery (Count I).  If Plaintiff's claim against Drummer is "colorable," the complete-diversity requirement for federal jurisdiction was not satisfied at the time of removal and the case must be remanded to state court.  On the other hand, if, as Defendant argues, certain Missouri statutes preempt Plaintiff's claim against Drummer, the fraudulent-joinder exception to complete diversity applies and the Court would have subject matter jurisdiction notwithstanding incomplete diversity of the parties.

Upon examination of the First Amended Petition, Doc. [4], and applicable Missouri law, the Court concludes Defendant failed to meet its burden of proving by a preponderance of the evidence that Plaintiff's claim against Drummer has no reasonable basis in law or fact.

### 1.  *Preemption by the MHRA*

Defendant first argues Plaintiff fraudulently joined Drummer in this action because the MHRA preempts the sole claim asserted against Drummer.[2]  Thus, the issue here is whether the MHRA preempts Plaintiff's tort claim for assault and battery against his co-employee, Drummer. Defendant has cited to no Missouri case holding the MHRA preempts common law claims for

---

[2] In support of its argument, Defendant points to language in the MHRA that states the MHRA "shall provide the *exclusive remedy* for any and all claims for injury or damages arising out of an employment relationship."  Mo. Rev. Stat. § 213.070.2 (emphasis added).  *See* Doc. [20] 4–8.

personal injuries against *co-employees*, and the Court has found none.[3]   In fact, district courts recently observed that no Missouri cases exist that hold tort claims against a *co-employee* for personal injuries are preempted by the MHRA.  *See T.F. v. BB St. Louis, LLC*, 4:20-cv-1526-RLW, 2021 WL 494795, at *4 (E.D. Mo. Feb. 10, 2021); *McBride v. AgXplore Int'l, LLC*, 1:21-cv-41-SNLJ, 2021 WL 4819576, at *1–2 (E.D. Mo. Oct. 15, 2021); *Matthews v. Syncreon.us, Inc.*, 5:20-cv-6140-SRB, 2020 WL 6538332, at *4–5 (W.D. Mo. Nov. 6, 2020).  As well-established Eighth Circuit precedent dictates, ambiguities in state law are best resolved in state court in determining remand.  *Filla*, 336 F.3d at 810–11.  And, because the MHRA *might* not be the exclusive remedy against co-employees, and the Court's task is "limited" to whether Missouri law "might" impose liability on Drummer, the Court concludes there remains a colorable state-law claim against Drummer.  *See id.*

### 2.   *Preemption by the Missouri Workers' Compensation Act*

Defendant additionally argues Plaintiff fraudulently joined Drummer because the Missouri Workers' Compensation Act (the "Act"), Mo. Rev. Stat. § 287.120.1, bars the claim against him. Defendant's argument fails for two reasons.

First, as Defendant concedes, Doc. [20] at 12, Missouri law does not foreclose common law liability for *every* assault in the workplace.   Missouri law specifically excludes workers compensation for assaults arising from a "personal quarrel."  *Flowers v. City of Campbell*, 384 S.W.3d 305, 311 (Mo. Ct. App. 2012).  Determining the nature of the assault "requires a specific

---

[3] Notably, following the 2017 amendments to the MHRA, "individuals can no longer be sued for unlawful employment practices" under the MHRA.  *Loomis v. Bowers*, 645 S.W.3d 633, 639 (Mo. Ct. App. 2022); *Wiedner v. Ferrellgas, Inc.*, 607 S.W.3d 231, 239 (Mo. Ct. App. 2020).  In 2017, the MHRA was expressly amended to exclude individuals from the definition of "employer," which is against whom claims for unlawful employment practices under the MHRA may be brought. Mo. Rev. Stat. § 213.010 ("'Employer' shall not include: . . . (c) An individual employed by an employer."); *see id.* § 213.055; *Id.* § 213.070. "[W]hen the [Missouri] General Assembly intends to eliminate individual liability for an unlawful discriminatory practice, it does so plainly, not cryptically."  *Loomis*, 645 S.W.3d at 639.

factual analysis of the reason for the assault." *Id.* at 312; *see also Pers. v. Scullin Steel Co.*, 523 S.W.2d 801, 805 (Mo. banc 1975).  Viewing Plaintiff's allegations in the light most favorable to him, Drummer's assault or battery may have stemmed from a "personal quarrel," which would not be subject to workers' compensation exclusivity.  Therefore, it is not "clear" under Missouri law that Plaintiff's assault and battery claim against Drummer is preempted by the Act.  *Knudson*, 634 F.3d at 980 (joinder is fraudulent only "if it is *clear* under governing state law that the complaint does not state a cause of action").

Second, and for similar reasons as the first, the Act's immunity[4] for co-employees may not be applicable here based on the facts surrounding the assault.  The Supreme Court of Missouri recently resolved long-standing confusion with respect to co-employee immunity under the Act. *See Brock v. Dunne*, 637 S.W.3d 22 (Mo. banc 2021).  In *Brock*, the court explained "a co-employee enjoys immunity unless he or she *purposefully* caused or increased the risk of injury." *Id.* at 28.  Here, Plaintiff alleged Drummer attacked him with a box cutter or knife on multiple occasions.  This certainly could be the "deliberate and deviant actions of a co-worker who sought and desired to cause or increase the risk of injury to a co-employee," as contemplated in *Brock* as actions not subject to the Act's immunity.  *Id.* at 30.  Therefore, the Court finds there is, at the very least, "arguably a reasonable basis for predicting that [Missouri] law might impose liability [on Drummer] based upon the facts involved."  *Filla*, 336 F.3d at 810; *Knudson*, 634 F.3d at 982 (holding no fraudulent joinder because "there is arguably a reasonable basis for predicting that Missouri law might impose liability").

---

[4] Section 287.120.1 "unambiguously" expresses that "co-employees have immunity from civil liability for injuries they cause on the job."  *Brock v. Dunne*, 637 S.W.3d 22, 27 (Mo. banc 2021).  However, the "statute provides an exception to this broad immunity," *id.*, as discussed in this Memorandum and Order.

## CONCLUSION

The Court concludes Defendant failed to meet its burden in demonstrating there is no viable legal claim asserted by Plaintiff against Drummer.  Having determined joinder of Drummer was not fraudulent, the Court considers his diversity in assessing the Court's subject matter jurisdiction over the action.  Because Plaintiff and Drummer are citizens of the same state, this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a), and the Court must remand the case. 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, Doc. [14], is **GRANTED**.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 12th day of December, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE